# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:17-cv-163-FDW

| | | |
|---|---|---|
| **TITUS BATTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **BETTY BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter is before the Court on a motion, titled "Motion for Summary Judgment to the Motion of Defendant Betty Brown, nunc pro tunc, for an Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Complaint," (Doc. No. 15), filed by pro se Plaintiff Titus Batts. In his motion, Plaintiff takes issue with this Court's prior order granting, nunc pro tunc, Defendant Betty Brown's motion for an extension of time in which to file an Answer. See (Doc. No. 14). Plaintiff argues in his motion that the Court should not have allowed the extension of time, and he asks for the Court to enter default judgment against Defendant.

Rule 55 of the Federal Rules of Civil Procedure allows a district court to enter a default judgment when a party "has failed to plead or otherwise defend." Nevertheless, entry of a default judgment is a disfavored device, and the disposition of a case on its merits is the more acceptable practice. See Tazco, Inc. v. Dir., Office of Workers. Comp. Programs, U.S. Dept. of Labor, 895 F.2d 949 (4th Cir. 1990) ("The law disfavors default judgments as a general matter ."); Henry v. Metro. Life Ins. Co., 3 F.R.D. 142, 144 (W.D.Va. 1942) (denying a motion for default judgment when defendant failed to file an answer within time prescribed by the Federal Rules of Civil Procedure). As it is well settled that entry of default judgments are disfavored,

this Court will therefore deny Plaintiff's "Motion for Summary Judgment to the Motion of Defendant Betty Brown, nunc pro tunc, for an Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Complaint," (Doc. No. 15).

Signed: February 27, 2018

Frank D. Whitney
Chief United States District Judge