**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:17-cv-00163-FDW**

| | | |
|---|---|---|
| TITUS BATTS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| BETTY BROWN, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Affidavits for Relief from Judgment Rule 60(b)(1)" [Docs. 48, 49], which the Court construes as motions to amend Plaintiff's Complaint.

On April 2, 2019, this Court granted Defendant's motion for summary judgment in this case in full. [Doc. 46]. Judgment was entered in accordance with the Court's Order the same day and the case was dismissed and terminated. [Doc. 47]. On April 22, 2019, the Plaintiff filed the documents before the Court, which the Plaintiff captioned "Affidavits for Relief from Judgment Rule 60(b)(1)." The two documents are nearly identical in content. Despite their caption, the Plaintiff therein "demand[s] to amend the original complaint to a 'First Amendment' violation instead of a 'Religious Land use and Institutionalized Person Act' (RLUIPA) violation." [Docs. 48, 49].

The Plaintiff cannot amend a Complaint that has been dismissed. His action has been fully adjudicated. The Court also notes that, to the extent Plaintiff intended to seek relief from judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff has stated no grounds in support thereof.

The Court will, therefore, deny Plaintiff's "motions."

**IT IS, THEREFORE, ORDERED** that:

Plaintiff's motions [Docs. 48, 49] are **DENIED** and this matter remains closed.

**IT IS SO ORDERED**.

Signed: June 12, 2019

Frank D. Whitney
Chief United States District Judge